IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **MICHAEL ANTHONY EVANS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-10-3** |
| | § | |
| **RICK THALER,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Michael Anthony Evans ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Respondent has filed a Motion for Summary Judgment, (Dkt. No. 13), to which Petitioner has responded, (Dkt. No. 15). After considering the parties' arguments, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be **GRANTED** and Petitioner's habeas petition should be **DENIED**.[1]

## Factual Background

Petitioner is serving a 40-year prison sentence for committing murder. (Dkt. No. 13, Ex. A). Petitioner does not challenge his conviction, so any appeals or collateral challenges are not

---

[1] Also pending is Petitioner's Motion for Discovery, (Dkt. No. 15). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, a judge may, for good cause, permit a party to conduct discovery. *Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998). The Court finds that Petitioner has not made the necessary showing to permit him the opportunity to conduct discovery. Accordingly, Petitioner's Motion for Discovery is **DENIED**. Docket number 16 is a duplicate of docket number 15. Accordingly, docket number 16 is **DENIED** for the same reasons docket number 15 is denied.
    Petitioner's Response and Objection to Respondent's Exhibit A and/or TDCJ's Commitment Inquiry Information is also pending. (Dkt. No. 17). Because the Court is not relying on any of the information that Petitioner objects to, his objection is **DENIED AS MOOT**.

relevant to Petitioner's petition.  Petitioner does, however, challenge disciplinary case number 20100085076.

A disciplinary hearing was held on November 24, 2009.  (DHR at 1 & 15).  After the hearing, a disciplinary hearing officer ("DHO") found Petitioner guilty of the disciplinary offense of attempting to establish an inappropriate relationship with a correctional officer.  (*Id.* at 1 & 15).  Petitioner's punishment was as follows: (1) thirty days' loss of commissary privileges; (2) thirty days' cell restriction; (3) thirty days' property restriction; (4) ten days' loss of good-time credit; and (5) reduction in status from S3 to L1.  (*Id.* at 1 & 15).

Petitioner timely filed a step one and step two grievance for his proceeding, but TDCJ officials determined that his grievances were not warranted.  (DGR at 1-4).  Petitioner sufficiently exhausted his state court remedies.  (*Id.* at 1-4).  Petitioner filed the instant petition on January 22, 2010, (Dkt. No. 1 at 9), in which he alleges his due process rights were violated during his disciplinary case because there was insufficient evidence to support the finding that he attempted to establish an inappropriate relationship with an officer. (*Id.* at 6, 8 & 10).

## Summary Judgment

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists.  *Lynch Properties, Inc. v.*

*Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[2] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the nonmovant, but the movant is not required to negate elements of the nonmovant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The nonmoving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the nonmovant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## Loss of Privileges

As indicated above, Petitioner's punishment included thirty days' loss of commissary privileges, thirty days' cell restriction, thirty days' property restriction, and reduction in status

---

[2] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *cert. granted in part on other grounds and dismissed*, 541 U.S. 913 (2004), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Therefore, 28 U.S.C. § 2254(e)(1)—which mandates that findings of fact made by a state court are "presumed to be correct"—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

from S3 to L1.  (DHR at 1 & 15).  However, the Due Process Clause is not implicated by these sanctions.

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."  *Sandin v. Conner*, 515 U.S. 472, 478 (1995).  A prisoner does not have many of the rights and privileges that a free citizen enjoys.  *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  In some instances, the state may create liberty interests which are protected by the Due Process Clause.  *Sandin*, 515 U.S. at 483.  However, a prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484.

The temporary restrictions placed upon Petitioner do not implicate due process concerns.  *Madison*, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns.  They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest.").  *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

Similarly, Petitioner's challenge to his demotion in classification is legally baseless.  *See Sandin*, 515 U.S. at 487; *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997) ("The loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest."); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that the opportunity to earn good-time credits, which might lead to earlier release, does not constitute a constitutionally protected liberty interest).  Although

the demotion may have affected Petitioner's ability to accrue good time credits, it is not actionable because there is no certainty that the length of his confinement changed. *Sandin*, 515 U.S. at 487; *see also Malchi v. Thaler*, 211 F.3d 953, 957-59 (5th Cir. 2000) (determining that "the timing of [petitioner]'s release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status").

Accordingly, Petitioner's claims regarding loss of privileges and line status fail to state a claim that entitles him to federal habeas relief.

### Loss of Good Conduct Time Credit

Because Petitioner is not eligible for mandatory supervision, he does not have a protected liberty interest in his good conduct time credit. *See Malchi*, 211 F.3d at 957-58 ("[T]here is a constitutional expectancy of early release created by Texas's mandatory supervision scheme in place prior to September 1, 1996 for earned good time credits").

Petitioner was convicted of murder with a deadly weapon in 1988. (Dkt. No. 13, Ex. A). According to the mandatory supervision statute in effect when Petitioner committed the underlying offense, a prisoner may not be released to mandatory supervision "if the prisoner is serving a sentence for . . . a first degree felony under section 19.02, Penal Code (Murder)." Tex. Code Crim. Proc. Ann. art. 42.18 § 8(c)(1) (Vernon 1988). Accordingly, Petitioner's loss of good conduct time credit does not affect the duration of his sentence, and does not trigger due process protections. *Madison*, 104 F.3d at 768-69 (stating that if petitioner is not eligible for mandatory supervised release, he has no constitutional due process expectation in his good conduct time credit).[3]

---

[3] Even if Petitioner did have a protected liberty interest in his good conduct time credit, there was "some evidence" supporting the finding of guilt. *See* (DHR at 2, 7 & 11).

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

The Court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment, (Dkt. No. 13), is **GRANTED**.
2. This action is **DISMISSED**.
3. A certificate of appealability is **DENIED**.

It is so ORDERED.

Signed this 14th day of September, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE